```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
SECURITIES AND EXCHANGE COMMISSION,                                  :
                                                                     :
                              Plaintiff,                             :
                                                                     :        24-CV-2896 (JMF)
              -v-                                                    :
                                                                     :        MEMORANDUM OPINION
PAUL FELLER et al.,                                                  :              AND ORDER
                                                                     :
                              Defendants.                            :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this securities-fraud civil enforcement action, the Securities and Exchange Commission ("SEC") alleges that Defendants — Icaro Media Group, Inc. ("Icaro") and its Chief Executive Officer, Paul Feller — violated Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77e(a)(2); Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b); and SEC Rule 10b-5, 17 C.F.R. §§ 240.10b-5(b). ECF No. 1 ("Compl."), ¶ 8. In particular, the SEC contends that, between 2017 and 2021, Feller made false or misleading statements that enabled Icaro to raise over $22 million from thirty-eight investors through private offerings. *Id.* ¶¶ 2, 24. Most of the alleged misstatements involve statements about Icaro's business relationships with two multinational telecommunication companies referred to in the Complaint as "Telco 1" and "Telco 2" (together, the "Telcos"). *Id.* ¶¶ 28-102. Others pertain to alleged misrepresentations about pending Icaro investors. *Id.* ¶¶ 103-15.

Defendants now move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the SEC's claims. ECF No. 8; *see* ECF No. 9 ("Defs.' Mem.").[1] In evaluating that

---

[1] Defendants also invoke Rule 9(b) of the Federal Rules of Civil Procedure, *see* Defs.' Mem. 10-11, but their argument on that score is conclusory and entirely derivative of their other

motion, the Court must accept all facts set forth in the Complaint as true and draw all reasonable inferences in the SEC's favor. *See, e.g.*, *Empire Merchs., LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018); *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008). The Court will not dismiss claims unless the SEC has failed to plead sufficient facts to state a claim to relief that is facially plausible, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that is, one that contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the SEC's pleadings have "nudged [its] claims across the line from conceivable to plausible," they should not be dismissed. *Twombly*, 550 U.S. at 570.

Defendants' principal argument for dismissal is that the SEC fails to plausibly plead falsity, an element of all its claims. Defs.' Mem. 11-20; *see In re Lululemon Sec. Litig.*, 14 F. Supp. 3d 553, 571 (S.D.N.Y. 2014) ("A violation of Section 10(b) and Rule 10b-5 premised on misstatements cannot occur unless an alleged material misstatement was false *at the time it was made*."), *aff'd*, 604 Fed. App'x 62 (2d Cir. 2015) (summary order); *In re Telefonaktiebolaget LM Ericsson Sec. Litig.*, 675 F. Supp. 3d 273, 286 (E.D.N.Y. 2023) ("To be actionable, an alleged misstatement must be false or misleading."); *SEC v. DeFrancesco*, 699 F. Supp. 3d 228, 238 (S.D.N.Y. 2023) ("The elements of a Section 17 (a) claim are essentially the same as a Section 10(b) and Rule 10b-5 claim[.]" (internal quotation marks omitted)). Defendants make the broad-sweeping argument that the SEC fails to plead falsity because "[a]ll of the statements" identified in the Complaint were "about the future prospects of Icaro" and therefore "inactionable statements of opinion." Defs.' Mem. 18 (internal quotation marks omitted). But this argument

---

arguments for dismissal (most notably, that the SEC fails to adequately plead falsity). Accordingly, the Court need not and does not address the argument separately.

2

lacks merit for two reasons. First, many of the alleged misstatements identified in the Complaint are untrue statements of fact, which are actionable under federal securities law. Second, although some of the alleged misstatements identified in the Complaint are indeed forward-looking statements of opinion, the SEC adequately pleads that they were false and thus actionable. The Court discusses each point in turn.

First, Defendants' assertion that all the misstatements identified in the Complaint are opinion statements about Icaro's future prospects is plainly wrong. *See* Defs.' Mem. 18. More than a dozen of the identified misstatements are factual statements regarding objective facts at the time. *See* Compl. ¶¶ 38, 43, 44, 52, 57, 59, 65, 77, 79, 81, 86, 88, 105; *see also In Re Philip Morris Int'l Inc. Sec. Litig.*, 89 F.4th 408, 418 (2d Cir. 2023) (distinguishing opinion statements from factual statements "whose objective, factual truth or falsity could be ascertained with certainty" (cleaned up)). The Complaint contains sufficient allegations to plead that these factual statements were "untrue" and thus actionable under federal securities law. 17 C.F.R. § 240.10b-5(b); *Abramson v. Newlink Genetics Corp.*, 965 F.3d 165, 174 (2d Cir. 2020) ("Rule 10b-5 . . . unambiguously renders untrue statements of fact actionable."); *see* Compl. ¶¶ 42, 51, 66, 67, 73, 76, 78, 80, 83, 84, 85, 87, 104, 107-09. For example, the Complaint alleges that, "[b]y mid-2016, Telco 1 had suspended all business with Icaro," before "enter[ing] into an exclusive agreement with another sports media company" in January 2017. *Id.* ¶¶ 32-33. But, as the SEC alleges, even after Telco 1 suspended all business with Icaro, Feller continued to represent that Icaro had "[c]urrent," "signed," and "exclusive" contracts to launch cellphone devices with Telco 1. *Id.* ¶¶ 38, 43, 44. Lastly, to the extent that Defendants suggest that the SEC's allegations are themselves false, *see* Defs.' Mem. 8, that is a factual dispute that cannot be resolved at the

3

motion to dismiss stage, *see Int'l Code Council, Inc. v. Upcodes Inc.*, 43 F.4th 46, 53 (2d Cir. 2022) ("[F]act-specific questions cannot be resolved on the pleadings.").

Second, even as to the alleged misstatements that are statements of opinion — namely, Feller opining about Icaro's future prospects — the SEC adequately pleads falsity. An opinion statement can give rise to liability under federal securities laws if a plaintiff pleads that "the speaker omit[ted] information whose omission makes the statement misleading to a reasonable investor." *Tongue v. Sanofi*, 816 F.3d 199, 210 (2d Cir. 2016). To determine whether such an omission has occurred, the Court considers "whether the defendants' representations, taken together and in context, would have misled a reasonable investor." *Rombach v. Chang*, 355 F.3d 164, 172 n.7 (2d Cir. 2004) (quoting *I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.*, 936 F.2d 759, 761 (2d Cir. 1991)). As the Second Circuit has explained, "a reasonable investor, upon hearing a statement of opinion from an issuer, 'expects not just that the issuer believes the opinion (however irrationally), but that it fairly aligns with the information in the issuer's possession at a time.'" *Tongue*, 816 F.3d at 210 (quoting *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 188-89 (2015)).

Drawing all reasonable inferences in the SEC's favor, the Court concludes that the Complaint plausibly alleges that Feller's statements about Icaro's business partnerships with the Telcos were misleading by omission. Between June and November of 2017, Feller, as Icaro's CEO, repeatedly informed investors that he expected Icaro to launch a product with Telco 1 sometime during late 2017 or early 2018. Compl. ¶¶ 37 ("We expect to launch with [Telco 1's subsidiary] and [its] subsidiaries in Q3 and Q4 2017."), 39 ("[I]n Q3 2017, we will begin to power [Telco 1's subsidiary] apps."), 40 (same), 41 ("We expect to begin deployment of the application in partnership with [Telco 1] across Latin America in late 2017 early 2018."), 57

4

("[W]e are: preparing launch dates with [Telco 1's CEO]."). These statements are not merely unactionable "[e]xpressions of hope, or [] confidence," *Diabat v. Credit Suisse Grp. AG*, No. 23-CV-5874 (CM), 2024 WL 4252502, at *22 (S.D.N.Y. Sept. 19, 2024), because a reasonable investor would have interpreted Feller's repeated statements to mean that Telco 1 expressed at least *some* minimal interest in launching a product with Icaro during late 2017 or early 2018. In fact, however, Feller knew at the time that "Telco 1 [had] not engage[d] with Icaro about re-launching another product" after Telco 1 terminated all of their projects in 2016, *id.* ¶ 5, and any conversations Icaro had with Telco 1 in 2017 never "progress[ed] beyond the pitch stage," *id.* ¶ 34. This omitted information "conflict[s] with what a reasonable investor would take from [Feller's] statement[s]." *Tongue*, 816 F.3d at 210 (quoting *Omnicare*, 575 U.S. at 189).

For the same reasons, the SEC plausibly alleges falsity as to Feller's remaining statements about Icaro's business relationships with the Telcos and as to his statements about two "pending" investors of Icaro. Between February and August of 2017, Feller repeatedly told investors that Icaro would soon go "live" with a product for Telco 2. Compl. ¶¶ 55, 57, 60, 62-63. In each case, however, Feller knew that Icaro had not resolved technical issues that needed to be addressed before a launch. *Id.* ¶¶ 54, 61, 64. Feller also made misleading statements when he claimed that Icaro had "many new developments with [their] contracts with Telco 2" and was "preparing for launch of [their] first 40m cell phone devices with [Telco 2] now," *id.* ¶ 86, five days after Telco 2 had informed Icaro that it intended to terminate their agreement, *id.* ¶ 85. More broadly, Defendants' statements about hypothetical partnerships and financial projects with Telco 1 in 2021 were misleading, *see id.* ¶¶ 49-50, because Feller knew at the time that there were "not even discussions" of any commercial initiatives with Telco 1 for 2021, *id.* ¶ 47; *see id.* ¶¶ 45, 48, 49. The same is true with respect to Feller's statements that two CEOs of other

companies were "pending" investors. *See id.* ¶¶ 106, 110; *see also id.* ¶ 105. Those statements plainly implied that the CEOs had at least expressed interest in investing in Icaro, yet one CEO had already informed Feller that he was "not interested" and the other CEO had never even responded to any outreach. Compl. ¶¶ 104, 112-13.

Defendants also argue that they cannot be held liable for misstatements made to people who were not themselves potential Icaro investors, *see* Defs.' Mem. 13, 15-17, but that argument is without merit. The Complaint alleges that these statements were made either to people retained specifically to recruit investors for Icaro or to Feller's business contacts with the goal of soliciting investors for Icaro. Compl. ¶¶ 38, 56-58, 65-66, 79. That is enough to plead that such statements were made "in the offer and sale" of a security for purposes of Section 17(a), 15 U.S.C. § 77q(a), or "in connection with the purchase or sale" of a security for purposes of Section 10(b) and Rule 10b-5, 15 U.S.C. § 78j(b); *accord* 17 C.F.R. § 240.10b-5. *See SEC v. Czarnik*, No. 10-CV-745 (PKC), 2010 WL 4860678, at *4 (S.D.N.Y. Nov. 29, 2010) ("The fact that [the allegedly misleading] statements were not disseminated directly to investors does not foreclose liability under section 10(b), Rule 10b-5 and section 17(a)"); *United States v. Naftalin*, 441 U.S. 768, 772 (1979) ("The statutory language [of Section 17(a)] does not require that the victim of the fraud be an investor — only that the fraud occur 'in' an offer or sale."); *SEC v. Fiore*, 416 F. Supp. 3d 306, 314, 322-23 (S.D.N.Y. 2019) (finding that the SEC adequately pled Section 17(a) and Rule 10b-5 violations based on the defendant's misrepresentations to third-party stock promoters).

Finally, the Court rejects Defendants' argument that the SEC fails to plead factual allegations giving rise to a strong inference of scienter. Defs.' Mem. 20-22. A plaintiff adequately pleads scienter by alleging facts "constituting strong circumstantial evidence of

6

conscious misbehavior or recklessness." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).  Moreover, "[w]here plaintiffs allege a false statement of opinion, the falsity and scienter requirements are essentially identical because a material misstatement of *opinion* is by its nature a false statement, not about the objective world, but about the defendant's own belief."  *In re BioScrip, Inc. Sec. Litig.*, 95 F. Supp. 3d 711, 732-33 (S.D.N.Y. 2015) (internal quotation marks omitted).  It follows that the SEC pleads facts supporting a strong inference of scienter based on its allegations that Feller possessed actual knowledge of specific contradictory information when he made each of the alleged misstatements.

For the foregoing reasons, Defendants' motion to dismiss must be and is DENIED.  Unless and until the Court orders otherwise, Defendants shall file their Answer within **two weeks** of the date of this Memorandum Opinion and Order.  *See* Fed. R. Civ. P. 12(a)(4)(A).  In addition, the initial pretrial conference, previously adjourned, is hereby reinstated and **RESCHEDULED** for **December 5, 2024, at 9:00 a.m**.  The conference will be held remotely in accordance with the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.  In light of the Thanksgiving holiday, no later than the **Wednesday before the initial pretrial conference**, the parties shall submit a joint status letter and proposed Case Management Plan.  *See* ECF No. 5.

The Clerk of Court is directed to terminate ECF No. 8.

SO ORDERED.

Dated: November 12, 2024
       New York, New York

_____
JESSE M. FURMAN
United States District Judge