UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | 24 Civ. 2896 (JMF) |
| v. | ECF CASE |
| PAUL FELLER and ICARO MEDIA GROUP, INC. | |
| Defendants. | |

---

# [PROPOSED] PROTECTIVE ORDER

**WHEREAS**, the parties to this action are beginning discovery and have agreed to abide by the terms of this proposed Protective Order;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**:

1. **Scope**. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials that may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure ("Rules") on matters of procedure and calculation of time periods.

2. **Privacy Information**. The term "Privacy Information" shall mean documents containing an individual's social security number or taxpayer identification number (other than only the last four digits thereof), an individual's birth date (other than only the year of the individual's birth), the name of an individual known to be a minor (other than only the minor's initials), or a financial account number (other than only last four digits thereof). With regard to

Privacy Information that any party has obtained during the course of discovery in this case, that party will not disclose or use such Privacy Information other than for purposes of litigating this case, subject to the following exceptions:

    **(a)** The Order shall not limit or restrict the Commission from using or disclosing Privacy Information to the extent otherwise required by law or permitted pursuant to the terms of Commission Form 1662.

    **(b)** The Order shall not apply to Privacy Information that any party obtained or obtains independently of materials produced or provided to it as part of discovery in this case.

    **(c)** The Order shall not limit or restrict the ability to file Privacy Information in this case, or present, disclose, or use Privacy Information at trial, depositions, hearings or other proceedings in this case, subject to paragraph 3 below.

    **(d)** The Order shall not alter the parties' obligations to comply with the requirement of Local Civil Rules 5.2(a) and (b).

    **3.** **Inadvertent Disclosure**.  If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

    **(a)** If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the

      Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

    **(b)** Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

    **(c)** The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed in accordance with the provisions of Rule 8(B) of the Court's Individual Practices in Civil Cases, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

    **(d)** The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

4.    **Documents Marked as Confidential by Third Parties**. Documents produced to the Commission by any person or entity and bearing the language "Requests That These Documents Be Accorded Confidential Treatment" or "Confidential Treatment Requested By," shall be used by any defendant solely for use in connection with this action.

5.    **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents

or information are subject to protection under Rule 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

6. **No Admission**. Nothing in this Order operates to create an admission by any party that any material disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all material disclosed, in accordance with applicable law and Court rules.

7. **Persons Bound**. This Order shall take effect when entered and shall be binding upon the parties, their counsel, and persons made subject to this Order by its terms.

**STIPULATED AND AGREED BY**:

Dated: New York, NY
February 4, 2025

/s/ *Abigail Rosen*
Abigail E. Rosen
SECURITIES AND EXCHANGE
 COMMISSION
100 Pearl Street
New York, NY 10004
(212) 336-0473 (Rosen)
RosenAb@sec.gov

Dated: New York, NY
February 4, 2025

/s/ *Jonathan Uretsky*
Jonathan Uretsky
PULLP LLP
111 Broadway, 8th Floor
New York, NY 10006
(212) 571-1255
uretsky@pullp.com
*Attorney for Defendants Paul Feller and Icaro Media Corp.*

**IT IS SO ORDERED.**

~~Dated: February 5, 2025.~~

_____
~~Honorable Jesse M. Furman~~
~~United States District Judge~~

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein and by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

SO ORDERED.

February 5, 2025